LEROY SAMUELS, JOE GRIFFIN and OSWALD BROWN, v. STATE.

166 So. 743.
Division A.
Opinion Filed March 16, 1936.
Rehearing Denied April 6, 1936.

D. W. Berry and R. P. Reese, for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—On the 28th day of November, A. D. 1933, the County Solicitor for Escambia County, Florida, filed Information in two counts against LeRoy Samuels, Cheshire. The first count charged them with breaking and entering with the intent to commit grand larceny, the second count charged grand larceny.

On March 28th, 1934, the plaintiffs in error were brought to trial for the third time after two previous mistrials, and on March 30th, 1934, the jury brought in a verdict of "guilty as charged" against Oswald Brown and LeRoy Samuels, and a verdict of "Guilty of petty larceny" against Joe Griffin.

This cause now comes before this court on writ of error to the final judgment of conviction.

The plaintiffs in error asked for a severance and separate trial from Gus Cheshire on the grounds that they were informed that certain incriminating admissions and confessions made by Cheshire would be offered in evidence; that any instructions that the court would give the jury to disregard them as to the plaintiffs in error would not remove from the minds of the jurors such admissions and confessions or the prejudicial effect of such testimony; and that the defense of the said Gus Cheshire and of the defendants are antagonistic.

Did the trial court commit reversible error in denying the motion for severance?

The granting or denial of a motion for severance is largely discretionary, and the ruling of the trial court thereon will not in general be disturbed where no abuse of discretion is shown. See Suarez, *et al.,* v. State, 95 Fla. 42. 115 So. 865; Daniels v. State, 57 Fla. 1, 48 So. 747; Ballard

v. State, 31 Fla. 266, 12 So. 865; Roberson v. State, 40 Fla. 509, 24 So. 474, 16 S. J. 784.

The record shows that the defendant, Gus Cheshire, was not in fact on trial with the plaintiffs in error; further, the testimony given in open court by Gus Cheshire would have been admissible even had a severance been granted, therefore this Court is of the opinion that no injury was occasioned by the denial of the motion for severance, and the ruling of the trial court will not be disturbed.

The next assignment of error is as to the refusal of the motion made by the plaintiffs in error for a continuance predicated on the claim that the plaintiffs in error could not safely go to trial without the testimony of one Frank Duseck. The plaintiffs in error contend that Gus Cheshire changed his testimony in the second trial and testified that it was Frank Duseck, instead of Joe Duseck, who repaired the car. The plaintiffs in error further contend that in a deposition Frank Duseck would have testified that Gus Cheshire and these defendants did not come to his place on the night of the robbery, or at any other time, nor did he repair a car for them.

Because of the improbability, considering the entire record that the testimony would have materially affected the result, the trial court will not be held to have abused its discretion in denying the motion for a continuance. The trial court was familiar with the facts and circumstances disclosed at the trial and his denial of the application for continuance was justified as appears by the whole record here.

In Hall v. State, 70 Fla. 48, 69 So. 692, this Court, speaking through Mr. Justice Taylor said:

"The rule is that trial courts have a broad discretion in granting or denying applications for continuance of causes,

and that their exercise of this discretion will not be reversed by an Appellate Court unless it be clearly shown that there has been a palpable abuse of such discretion to the manifest injury of the party against whom it has been exercised. The rule further requires that application for continuance in criminal causes shall be more closely and rigidly scanned than in civil causes because of the greater temptation in the criminal case to seek delay." See Bolles v. Carson, 73 Fla. 504, 74 So. 509; Clements v. State, 51 Fla. 6, 40 So. 432; Pittman v. State, 51 Fla. 94, 41 So. 385; Ballard v. State, 31 Fla. 266, 12 So. 865, and Jacques v. State, 86 Fla. 137, 97 So. 380.

In Early v. State, 51 Tex. Crim. 382, 103 S. W. 868, page 370, the court said:

"If it be conceded that the testimony of said witness would contradict the testimony of the State's witness, Harriss, a new trial will not ordinarily be granted on account of impeaching testimony."

Error is assigned on the refusal of the trial court to charge the jury that the testimony of Gus Cheshire (an accomplice) should not be considered by them as evidence against the defendants on trial.

The court charged the jury that Gus Cheshire was an accomplice and that his testimony should be received with "great caution." This charge was sufficient; the requested charge was properly refused by the trial court.

An accomplice may be a competent witness and his uncorroborated testimony is sufficient to support a conviction if it satisfies the jury of guilt beyond a reasonable doubt. See Knight v. State, 60 Fla. 19, 53 So. 541; Brown v. State, 42 Fla. 184, 27 So. 869; Moore v. State, 83 Fla. 270, 91 So. 180.

The plaintiffs in error assigned error on numerous rulings of the trial court on the admission and the rejection of certain testimony. Upon considering the remaining assignments of error this court is of the opinion that there is nothing in the record showing harmful error or to indicate that the plaintiffs in error did not have a fair and impartial trial. The evidence is sufficient to sustain the verdict of the jury and the judgment of conviction is hereby affirmed.

Judgment affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.