F. C. LANTON v. STATE.

182 So. 902.

Division A.

Opinion Filed July 20, 1938.

*Purl G. Adams,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the crime of manslaughter under an

indictment charging murder in the first degree. The indictment under which plaintiff in error was convicted is not shown in the record. The indictment, which does not appear in the record, charges the same defendants with the murder of Ernest Baggett, while the indictment under which defendants were tried charged the murder of one Horace Meeks.

The record shows that the two homicides occurred at practically the same time and place and that each was *res gestae* of the other.

The indictment was not attacked and, therefore, its absence from the record is immaterial. But if material the point is waived by plaintiff in error not making error to appear. The absence, however, shows a lack of care in making up the transcript. It appears that the Attorney General was not served, as the rule requires, with copy of plaintiff in error's brief. Plaintiff in error's brief entirely fails to meet the requirements of Rule 20, but it is sufficient for us to gather the contentions of plaintiffs in error.

There are two assignments of error, as follows:

"1. That the Court erred in denying and refusing to grant the defendants a new trial.

"2. That the Court erred in denying and refusing to grant the defendant's, O. H. Allen, motion for severance."

The motion for new trial contained eight grounds; the first to fifth grounds, inclusive, are:

"1. That the verdict is contrary to the evidence.

"2. That the verdict is contrary to the law.

"3. That the verdict is contrary to the evidence and the law.

"4. That the Court erred in refusing the defendant's motion for a severance.

"5. That the Court erred in admitting in evidence the purported 'dying declaration' of the deceased Horace Meeks over the objection of the defendant."

The others are not argued and are considered abandoned.

The motions for severance were separately presented in behalf of Allen and Lanton. Such motions are addressed to the sound discretion of the trial court. See Suarez, et al., v. State, 95 Fla. 42, 115 Sou. 865; Daniels v. State, 57 Fla. 1, 48 Sou. 747; Ballard v. State, 31 Fla. 266, 12 Sou. 865; Robertson v. State, 40 Fla. 509, 24 Sou. 474, 13 S. J. 784. An abuse of such discretion has not been made to appear.

Plaintiff in error contends that the predicate laid for the admission in evidence of an alleged dying declaration was insufficient. Technically, the predicate laid for this testimony did not meet the rule and it was error to allow the evidence admitted in the manner it was admitted, but the legal evidence was so strong and convincing of the guilt of the accused as to impel us to hold that the error commmitted was harmless.

The defense was that of an alibi. The evidence of the presence of the accused at the scene of the crime and of their participation in it was amply sufficient to overcome all evidence tending to show that the accused were not present.

The evidence on the whole was amply sufficient to have sustained a verdict and judgment of guilty of murder in the first degree.

It, therefore, follows that the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.