59 So.2d 370 (1952)
LAND
v.
STATE.
Supreme Court of Florida, Special Division B.
June 3, 1952.
Rehearing Denied June 26, 1952.
T. Franklin West, Milton, for appellant.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
This is an appeal from a conviction of larceny of three juniper logs of a value less than $100, in which the sole question presented is the sufficiency of the evidence to sustain the conviction.
The appellant's part in the taking and carrying away of the logs was fully related at the trial by one Jim Andrews, an accomplice. It is well settled in this state that the testimony of an accomplice, even though uncorroborated, is sufficient to sustain a conviction. Bacon v. State, 22 Fla. 51; Jenkins v. State, 31 Fla. 196, 12 So. 677; Caldwell & Larkins v. State, 50 Fla. 4, 39 So. 188; Samuels v. State, 123 Fla. 280, 166 So. 743; Varnum v. State, 137 Fla. 438, 188 So. 346. The jury was given full and clear instructions as to the weight to be given an accomplice's testimony and the caution with which it should be received. Moreover, there was other evidence tending to corroborate the testimony of Jim Andrews. The jury chose to believe the testimony of Jim Andrews and the other State's witnesses, rather than the appellant's version of the affair, and we are not authorized to substitute our judgment for that of the jury on the question of the credibility of witnesses.
For the reasons stated, the judgment appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.