89 So.2d 667 (1956)
Katie Mae KITCHEN, alias Katie Mae Green, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida. Division A.
September 26, 1956.
D.C. Laird, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
Defendant here appeals from judgment entered consequent upon a verdict of guilty of murder in the second degree.
Before trial, appellant moved for a continuance of nearly five months, upon the ground that a material eyewitness was absent from the state. It was stipulated, however, that this alleged eyewitness, if he were present at the trial, would make the same answers which he had given upon a deposition which had been taken. These answers revealed that he was not in fact an eyewitness to the crime.
It is elementary that an application for a continuance is addressed to the sound discretion of the trial court. Johns v. *668 State, 157 Fla. 18, 24 So.2d 708; Acree v. State, 153 Fla. 561, 15 So.2d 262; Samuels v. State, 123 Fla. 280, 166 So. 743; Adams v. State, 56 Fla. 1, 48 So. 219; and Clinton v. State, 53 Fla. 98, 43 So. 312.
Reviewing the deposition of the absent witness, which was read to the jury, with the other testimony of record in the case, it is evident that the testimony this witness would have been able to give in person would not materially have affected the result. The trial court will therefore not be held to have abused its discretion in denying the motion for continuance. Samuels v. State, supra, 166 So. 743, 744.
The final contention of appellant is that the trial court erred in admitting certain photographs in evidence. Two of the photographs depict the scene of the crime and their relevancy and lack of inflammatory character render it unnecessary to discuss them further. The third photograph, however, is a picture of the body of the decedent taken at a funeral parlor, clearly showing the stab wound from which she died. It is our opinion that this photograph is not inflammatory in character, and could not adversely have affected the jury, but in any case it appears to be relevant to one of the issues involved herein. It shows a neat and skillful stab wound inflicted directly over the heart of decedent. Appellant had pleaded self-defense, and testified that the decedent had assaulted her, hitting her with a hammer, whereupon she struck decedent with a knife while running out of the room, and this act was in self-defense and with no intent to kill. The character and location of the wounds, clearly shown by the disputed photograph, tend to impeach appellant's version of the affray. While possible, it is improbable that the wound shown could have been inflicted under the circumstances which appellant's testimony described.
Where a photograph is otherwise properly admitted, it is not a valid objection that it tends to prejudice the jury, Mardorff v. State, 143 Fla. 64, 196 So. 625.
Affirmed.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.