140 So.2d 627 (1962)
George L. JACKMAN, Appellant,
v.
The STATE of Florida, Appellee.
Donald F. WATKIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 61-318, 61-323.
District Court of Appeal of Florida. Third District.
April 24, 1962.
Rehearings Denied May 14 and 23, 1962.
*628 Herman Methfessel and Prebish & DuVal, Miami, for appellants.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
HORTON, Judge.
Pursuant to an order of this court, these appeals were consolidated for the purposes of briefing, the use of one transcript of testimony and for oral argument. This opinion will be determinative of both appeals.
The appellants were charged with the robbery of the Riverside Laundry in Miami, Florida, on June 12, 1959. The substance of the charge was that appellant Jackman planned, and appellant Watkin participated in the robbery. Upon pleas of not guilty entered by both appellants, the cause was tried before a jury. At the trial, the principal witnesses for the state were Sarah Koffel, the former wife of the appellant Watkin, and five Negro convicts who had theretofore been convicted for their complicity in the robbery. Both appellants were found guilty, judgment of conviction was entered against them, and they were sentenced to serve from six months to five years in prison. It is from the judgments of conviction and sentence that these appeals were taken.
The appellants have assigned several errors upon which they rely for reversal.
Both appellants contend the trial court erred in admitting into evidence the testimony of agent Gregor of the Federal Bureau of Investigation to show that a statement made to him by the witness Koffel was consistent with the testimony given by her at the trial. We find this contention to be without merit.
The witness Koffel testified for the prosecution, giving her account of the planning and execution of the crime. On cross examination the defense asked her a series of questions designed to impeach her credibility by establishing in her a motive to falsify.[1] The prosecution then called agent Gregor and attempted to elicit testimony from him to the effect that a statement *629 made to him by the witness Koffel, at a time before any motive to falsify had arisen, was consistent with the testimony given by her in this trial. The appellants objected on the ground that a witness' testimony cannot be corroborated by his own prior consistent statement. The objection was overruled, and agent Gregor was allowed to testify.
In Van Gallon v. State, Fla. 1951, 50 So.2d 882, the Supreme Court of Florida said:
"We recognize the rule that a witness's testimony may not be corroborated by his own prior consistent statement and the exception that such a statement may become relevant if an attempt is made to show a recent fabrication. The exception is based on the theory that once the witness's story is undertaken, by imputation, insinuation, or direct evidence, to be assailed as a recent fabrication, the admission of an earlier consistent statement rebuts the suggestion of improper motive and the challenge of his integrity."
We have carefully examined that part of the record on which the state relies to justify the introduction of agent Gregor's testimony and find it warrants the application of the exception.
Appellant Jackman contends the trial court erred in denying his oral motion to require the state to produce the testimony given before the Grand Jury by the state's witness, Johnny Williams. The motion was grounded on § 905.27, Fla. Stat., F.S.A., and supported by the witness' admission on cross examination that he had lied under oath at an earlier trial.
Section 905.27, supra, prohibits disclosure by certain persons of testimony given before a grand jury "except when required by a court to disclose the testimony of a witness examined before the grand jury for the purpose of ascertaining whether it is consistent with that of the witness given before the court * * *." Under this statute, and the decisions of our courts, it is settled that when the purposes of the secrecy rule are accomplished and a disclosure becomes essential to the attainment of justice, the secrecy rule may be relaxed, in the discretion of the court, upon the laying of a proper predicate. See Minton v. State, Fla. 1959, 113 So.2d 361; Trafficante v. State, Fla. 1957, 92 So.2d 811; State ex rel. Brown v. Dewell, 123 Fla. 785, 167 So. 687. The proper procedure in such a case is for the trial judge, once the proper predicate has been laid, to examine the grand jury testimony sought to be disclosed with a view to making a determination of its materiality. Minton v. State, supra; Trafficante v. State, supra; Vann v. State, Fla. 1956, 85 So.2d 133. The importance of laying the proper predicate was stressed in Minton v. State, supra, 113 So.2d p. 365, where the court said:
"But it is crystal clear that something more than a mere surmise or speculation that a witness's testimony at the trial is inconsistent with that given before the grand jury must be made to appear in order to hold a trial judge in error for refusing to lift the veil of secrecy from the grand jury proceedings. While, in a given case, the reasons for secrecy may no longer obtain, the effect on subsequent grand jury proceedings  on jurors, on witnesses, on the privacy of the system itself  of indiscriminate disclosure has been said to be of `greater moment.'"
The effect of the cited cases is that it is within the sound judicial discretion of the trial judge to decide whether the proper predicate has been laid to warrant stopping the trial to examine the grand jury testimony to determine its materiality. The record in this case does not disclose an abuse of this discretion by the trial judge in denying appellant Jackman's motion which was predicated solely on the witness' admitted perjury in the trial of another case.
Appellant Jackman further contends the trial court erred in denying his motion *630 to produce statements made to the state's attorney and his investigators by witnesses for the prosecution.
The rule in this jurisdiction is that a defendant is not entitled to a transcript of statements of state witnesses taken by the prosecution in the course of preparation for trial unless they were taken before a magistrate or are used by the prosecution at the trial. Bedami v. State, Fla.App. 1959, 112 So.2d 284; Urga v. State, Fla.App. 1958, 104 So.2d 43; Raulerson v. State, Fla. 1958, 102 So.2d 281; McAden v. State, 155 Fla. 523, 21 So.2d 33. But see Smith v. State, Fla. 1957, 95 So.2d 525. The rule governing production of testimony given before a grand jury has already been discussed with regard to the court's ruling on appellant Jackman's motion to produce the testimony given by the witness Williams. The record discloses no attempt by the prosecution to make use of these statements at the trial, nor does it indicate that they were taken before a magistrate or grand jury.
Another contention by appellant Jackman is that the trial court erred in refusing to grant his motion for severance on the ground that certain evidence admissible against appellant Watkin would not be admissible against him and would tend to prejudice the jury against him.
The granting or denial of motions for severance is largely discretionary and the ruling thereon will not be disturbed in the absence of a showing that there was an abuse of discretion. Manson v. State, Fla. 1956, 88 So.2d 272; Samuels v. State, 123 Fla. 280, 166 So. 743; Palmer v. State, 106 Fla. 237, 143 So. 126, 145 So. 69; § 918.02, Fla. Stat., F.S.A. Where evidence incompetent and prejudicial against one defendant is to be introduced against another, a denial of a motion for severance has been held to constitute an abuse of discretion only if the record indicates the defendant was injured thereby. Suarez v. State, 95 Fla. 42, 115 So. 519. On appeal, the burden is on the defendant to clearly establish that the trial judge abused this discretion. Manson v. State, supra.
The record in this case does not indicate that the appellant Jackman was prejudiced by such evidence as was admissible only against appellant Watkin.
Appellant Jackman contends that the trial judge erred in denying his motion for a directed verdict at the conclusion of all the evidence and in failing to grant his motion for new trial.
It is true, as appellant contends, that his conviction is based upon the testimony of five Negro convicts and the former wife of his convicted co-defendant. The Supreme Court of this state has pointed up the unfavorable light in which the testimony of accomplices should be viewed, indicating that such testimony should be closely scrutinized and received with great caution. With this principle in mind, we have reviewed the record in this case. Nevertheless, we conclude that the trial judge did not err in denying the motions for directed verdict and new trial. The credibility of the witnesses was for the jury. They were in the best position to determine whether the testimony was plausible under the circumstances; and what, if anything, influenced the witnesses to testify as they did. Further, the instructions of the court were adequate and fair and the trial was fairly and impartially conducted.
Alleged prejudicial error occasioned by the opening and closing remarks of the prosecution and rulings on matters of procedure have been duly considered and no harmful error has been made to appear. A detailed discussion of such matters would serve no useful purpose.
All the contentions of appellants having been thoroughly considered and found to be without merit, the judgments appealed should be and are hereby affirmed.
Affirmed.
NOTES
[1] "Now, has anyone told you that when this trial is over, you will be allowed to withdraw your plea of guilty and the case will be dismissed as to you?"

"Has anyone told you that in all the testimony there isn't a case against you, including your own statements here today?"
"And, I suppose no one has suggested to you that you might be given any leniency for coming here and testifying."
"After you talked to your attorney, did your attorney tell you, `If you plead guilty and testify, we can get this case dismissed against you afterwards.'?"