148 So.2d 274 (1963)
William Marrett ROLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 31700.
Supreme Court of Florida.
January 2, 1963.
*275 Richard H. Hyatt, Sebring, for appellant.
Richard W. Ervin, Atty. Gen., and Bruce R. Jacob, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
William Marrett Rollins, the appellant, Michael Nelson and Donald Gene Walker, all negroes, were indicted for, pled not guilty to, and were thereafter jointly tried and convicted by one jury of the first degree murder of Henry P. Townsend, who was killed during the perpetration of a robbery by the three persons above named.
By its verdicts the jury recommended Nelson and Walker to the mercy of the court, but made no such recommendation as to Rollins.
Rollins' motion for a new trial was denied and he has appealed to this court.
At oral argument counsel for Rollins admitted that the evidence of guilt was adequate and that his client was responsible for his inexcusable criminal act of murder.
Only two questions are presented for our consideration. First, appellant contends that the trial court committed reversible error in overruling his challenge for cause directed to venireman William Cribbs. Second, he argues that the trial court erred in denying his motion for severance.
Although ably presented by appellant's counsel neither of these two questions has merit.
On voir dire examination by appellant's counsel venireman Cribbs, after stating that he had formed no opinion as to the guilt or innocence of any of the three defendants and knew no reason why he could not serve as "a fair and impartial juror", stated that he did not see how he could recommend mercy to any one of the three who might be shown by the evidence to have committed the murder which led to the prosecution.
Appellant's counsel challenged Cribbs for cause, stating no ground for the challenge although required to do so by Sec. 913.05, F.S.A. The challenge was denied and Rollins' counsel exercised his sixth peremptory challenge in order to excuse Cribbs from the jury.
Thereafter, several other veniremen were called and excused, some for cause and others on peremptory challenge by the other defendants and by Rollins. Ultimately Rollins used all his peremptory challenges. There still remained one juror to be selected and venireman Braxton was called. On voir dire examination by Rollins' counsel Braxton indicated that even if one defendant was shown to have inflicted the mortal wounds he still might recommend such defendant to the mercy of the court. Rollins' counsel did not challenge Braxton for cause and he was selected as a juror.
We have outlined the above facts in order to clearly demonstrate, first, that the trial judge did not err in denying the challenge for cause to Cribbs, and second, that assuming for sake of argument that it was error to deny the challenge to Cribbs, Rollins has not shown that he was thereby *276 required to accept an objectionable or unqualified juror after he exhausted his peremptory challenges.
In Singer v. State, Fla. 1959, 109 So.2d 7, we held that conduct during a trial which prejudiced the defendant's right to a fair and impartial consideration of the question of mercy was reversible error. We have never held that to be qualified a juror must state that he will grant mercy to one shown to be guilty of the crime of the murder with which he is charged. On the contrary, we have stated that it seems to us to be
"* * * proper to inject the question of mercy in voir dire examination only when the venireman indicates that he can and will determine guilt of a capital crime according to the evidence but will nevertheless, irrespective of the evidence, use the power to recommend mercy because of conscientious scruples, beliefs, convictions or opinions against taking life as punishment for crime." Piccott v. State, Fla. 1960, 116 So.2d 626, 629.
At one point the trial judge ruled that Rollins' counsel's questioning the veniremen on the issue of whether they would or would not grant mercy was improper, but counsel nevertheless continued to pursue the questions.
The trial judge was correct, for such questions, except under the circumstances mentioned in Piccott v. State, supra, are improper. There may be other circumstances where such a line of questioning is proper but it has not yet been called to our attention.
We point out, further, that in his challenge to Cribbs, counsel for Rollins did not specify the grounds of his challenge as required by statute. Sec. 913.05, F.S.A. This would be sufficient to justify the denial of the challenge. Singer v. State, 109 So.2d 7, supra.
More important, again assuming that the denial of the challenge for cause was error, appellant Rollins has wholly failed to show that he was prejudiced by being required to accept an objectionable juror because of the denial of the challenge for cause directed to Cribbs and the resultant use of the sixth of his ten peremptory challenges. This he is required to do in order to show reversible error. McRae v. State, 1912, 62 Fla. 74, 57 So. 348. See also Young v. State, 1923, 85 Fla. 348, 96 So. 381; Hall v. State, 1939, 136 Fla. 644, 187 So. 392.
As noted above, appellant did not challenge Braxton, the last juror to be selected after he exhausted his quiver of peremptory challenges. On oral argument Rollins' counsel stated that he would have excused Braxton peremptorily because he was a native of Alabama and had a limited education. In this jurisdiction neither fact renders a venireman legally objectional or unqualified to serve.
We go then to the second point.
Both Rollins and his co-defendant Nelson moved for a severance. Both motions were denied and all three defendants were jointly tried. At the close of the State's case Rollins again moved for a severance and again it was denied.
At oral argument Rollins' counsel conceded that the granting or denying of a motion for severance lies within the discretion of the trial judge. Of this there can be no doubt. Section 918.02, F.S.A.; Samuels v. State, 1936, 123 Fla. 280, 166 So. 743; Lanton v. State, 1938, 133 Fla. 527, 182 So. 902; Suarez v. State, 1928, 95 Fla. 42, 115 So. 519; and Manson v. State, Fla. 1956, 88 So.2d 272.
We reaffirmed this rule of law in the recent case of Rankin v. State, Fla. 1962, 143 So.2d 193, in which we held that the trial judge did not abuse his sound discretion in denying a severance and requiring the four defendants to be tried jointly for a murder committed in a cell where they, *277 their victim and several others were confined at the time of the murder.
We see no more reason to hold the trial judge abused his discretion in the instant case than we did in the Rankin case, and there we found none.
In the case before us all the defendants in separate oral statements and in a joint oral statement admitted their participation in the brutal murder. The individual statements, including that of Rollins, and the joint statement all showed that Rollins stabbed the deceased several times with a kitchen knife. The deceased died of these knife wounds.
We fail to see how the joint trial could have prejudiced this defendant. Appellant has failed to show that it did or that the trial judge abused his discretion in denying the motion for severance.
Although counsel for Rollins conceded the sufficiency of the evidence to support the verdict and sentence, we have nevertheless examined the whole of the evidence and record in accordance with the mandate of Sec. 924.32(2) F.S.A. and found that the interests of justice do not demand a new trial.
Accordingly the judgment and sentence appealed from is affirmed.
ROBERTS, C.J., and TERRELL, THOMAS, DREW, THORNAL and CALDWELL, JJ., concur.