PER CURIAM.
By this appeal the defendant below seeks reversal of his conviction and sentence for abortion. Five points are presented. We have considered the several contentions of the appellant in the light of the record and briefs and find them to be without merit. Appellant’s contention that the evidence was insufficient to support the conviction is not borne out by the record, which reveals sufficient evidentiary support to establish the essential facts to the degree of proof required. Denial of the motion for severance was not shown to constitute reversible error. The ruling was one within the discretion of the trial court, and no abuse of discretion was disclosed. Samuels v. State, 123 Fla. 280, 166 So. 743; Manson v. State, Fla.1956, 88 So.2d 272; Jackman v. State, Fla.App.1962, 140 So.2d 627. Certain remarks of the prosecutor, as pointed out by the appellant, were not such as to require a retrial. A detailed discussion of them would seem unnecessary. See Goddard v. State, 142 Fla. 28, 196 So. 596. Moreover, they were not objected to when made. See Rogers v. State, 158 Fla. 582, 30 So.2d 625. The jury charge complained of by the appellant was not erroneous. The paramour who arranged and abetted was tried with the doctor as a principal. His conviction was not appealed. The instruction was to the effect that the paramour could not be found guilty if the doctor was found not guilty. The statement of law was not incorrect (Kelley v. State, 79 Fla. 182, 83 So. 909), and it was not shown how the charge could prejudice the doctor. The court properly denied the ground of the motion for new trial which had reference to a *708 juror overhearing an uncomplimentary remark made during the trial by the co-defendant to his mother. If such remark, when learned of by the jurors, may have served to influence them against the co-defendant, it is not shown how it would operate to influence the jurors against the doctor.
The case appears to have been fairly and fully tried, with no reversible error shown, and accordingly the judgment appealed from should be and hereby is affirmed.
Affirmed.