SHANNON, Judge.
This is an appeal from judgment and sentence pursuant to a guilty verdict.
Appellant was accused of robbery and was tried with another accused for the same crime. Appellant, after being found guilty, perfected his appeal through the public defender’s representation. The public defender was granted permission to withdraw and the appellant submitted his own brief in support of his appeal. Although he raises various questions, the only significant ones concern a) whether or not error was committed by the trial judge in admitting into evidence at the trial of the appellant and his co-defendant the confession of the co-defendant, which confession implicated the appellant, with the admonition to the jury that the statement was not to be considered against the appellant but only in connection with the co-defendant; and b) the question of whether or not a severance, moved for by appellant, should have been granted.
An application for severance is addressed to the trial court’s sound discretion and the order thereon will not be reversed except for palpable abuse of judicial discretion. Brunke v. State, 1948, 160 Fla. 43, 33 So.2d 226; Manson v. State, Fla.1956, 88 So.2d 272; Rankin v. State, *643 Fla.1962, 143 So.2d 193; Roberts v. State, Fla.1964, 164 So.2d 817; Jackman v. State, Fla.App.1962, 140 So.2d 627; Pessolano v. State, Fla.App.1964, 166 So.2d 706; and Reddick v. State, Fla.App.1966, 190 So.2d 340. Where a defendant is prejudiced by the confession of his co-defendant, the denial of a separate trial is reversible error even when there is given the cautionary instruction about its use against the confessor alone. Schaffer v. United States, C.A.Fla.1955, 221 F.2d 17, 54 A.L.R.2d 820.
In the case sub judice, it should be noted that the appellant admitted going into the bar with the intent of getting money therefrom, but claimed that it was to have been a fake robbery, cooperated in by certain of the bar’s employees, none of whom testified. He also admitted that his co-defendant did not know of the “fake” nature of the robbery. It is apparent that the confession of the co-defendant could not have prejudiced appellant’s case. Palmer v. State, 1933, 106 Fla. 237, 143 So. 126, 145 So. 69, stands for the proposition that where no prejudice results to the appellant from the co-defendant’s confession, the denial of the motion for severance is not reversible error. More recently Judge Horton, speaking for the Third District Court of Appeal, in Jackman v. State, Fla.App.1962, 140 So.2d 627, at 630, said:
“The granting or denial of motions for severance is largely discretionary and the ruling thereon will not be disturbed in the absence of a showing that there was an abuse of discretion. Manson v. State, Fla. 1956, 88 So.2d 272; Samuels v. State, 123 Fla. 280, 166 So. 743; Palmer v. State, 106 Fla. 237, 143 So. 126, 145 So. 69; § 918.02, Fla.Stat., F.S.A. Where evidence incompetent and prejudicial against one defendant is to be introduced against another, a denial of a motion for severance has been held to constitute an abuse of discretion only if the record indicates the defendant was injured thereby. Suarez v. State, 95 Fla. 42, 115 So. 519. * * *”
All of the contentions of the appellant have been reviewed and we find them to be without merit.
The judgment appealed is hereby affirmed.
ALLEN, C. J., and LILES, J., concur.
ON PETITION FOR WRIT OF HABEAS CORPUS
SHANNON, Judge.
We have this day filed our opinion in the appeal of this case. In addition to the appeal, the petitioner has filed for a writ of habeas corpus which alleges the inadmissibility of 1) his co-defendant’s confession, and 2) his confession, both based on the Escobedo rale. [Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977] We have reviewed said petition and find the same to be without merit. It is, therefore, denied.
ALLEN, C. J., and LILES, J., concur.