194 So.2d 903 (1967)
Sammie Lee POOLE, Appellant,
v.
STATE of Florida, Appellee.
No. 35175.
Supreme Court of Florida.
March 15, 1967.
Richard H. Hyatt, Sebring, and David F. Lanier, Avon Park, for appellant.
Earl Faircloth, Atty. Gen., and Stanley D. Kupiszewski, Jr., Asst. Atty. Gen., for appellee.
PER CURIAM.
By trial held December 15, 1965 Appellant Sammie Lee Poole was found guilty of rape, with no recommendation of mercy being made, and sentenced to death. Motion for new trial was denied and Appellant appealed to this Court. On appeal Appellant presents the following assignments of error:
"(1) The verdict upon which the appealed judgment of conviction is based was not supported by the evidence.
(2) The judgment of conviction is contrary to the law of the case.
(3) The Court erred in failing to allow counsel appointed for Defendant on voir dire examination to examine jurymen on the question of a recommendation of mercy in a conviction of rape."
A thorough and detailed study of the record leads us to conclude that the first two assignments of error cited are devoid of merit, and we hereby dispose of the same without comment.
We do, however, find merit as to the third assignment of error and will direct *904 discussion to this point. By refusing to allow defense counsel to raise any question whatsoever as to feelings, attitudes or prejudices of prospective jurors regarding the issue of recommendation of mercy in a conviction of rape, we believe that the trial judge committed reversible error.
Our decision in this matter is made in full cognizance of the fact that the able trial judge was acting in accord with what he considered applicable law on this point. The record appears to indicate that his decision was based on his interpretation of the law on this general issue announced by us in the case of Rollins v. State, Fla., 148 So.2d 274. In Rollins we held, inter alia, that it was not error for the trial judge to deny a challenge for cause directed to a venireman who, after stating that he had formed no opinion as to the guilt or innocence of any of the three defendants involved and knew no reason why he could not serve as a fair and impartial juror, stated that he did not see how he could recommend mercy to any one of the three who might be shown by the evidence to have committed the murder which led to the prosecution. In so holding we stated that there is no rule that in order to be qualified as a juror one must state that he will grant mercy to one shown guilty of a capital crime. We further, and more pertinent to the issue at hand, stated in regard to the question of mercy in capital cases that
"* * * it seems to us to be `proper to inject the question of mercy in voir dire examination only when the venireman indicates that he can and will determine guilt of a capital crime according to the evidence but will nevertheless, irrespective of the evidence, use the power to recommend mercy because of conscientious scruples, beliefs, convictions or opinions against taking life as punishment for crime.' Piccott v. State, Fla. 1960, 116 So.2d 626, 629." (at 276)
Upon careful and deliberate study of the above rule of law, and with thorough analyzation of the matter in the context of the immediate situation, we reach the decision that justice requires no less than that we recede from our opinion on this point as announced in Rollins, supra. We recede from the concept that the question of mercy may be injected only in the above-quoted situation because it appears to us inconsistent with logic and fairness to allow prosecution the privilege of asking questions on the issue of mercy to determine whether a prospective juror would, in view of conscientious scruples or beliefs, automatically recommend mercy in the event of conviction to avoid or thwart a penalty of death, and on the other hand deny the defense the opportunity to seek to determine whether a prospective juror would under no circumstances recommend mercy in the event the defendant be found guilty of the capital crime charged.
The transcript of record on appeal reveals that in the present case defense counsel was not seeking to determine the specific question of whether the prospective jurors would or would not grant mercy, but, rather, whether any of them felt that they would "under no circumstances" consider the possibility of mercy. We believe this to be a valid and proper inquiry concerning an issue which our State has recognized by statutes (see F.S. § 794.01 and § 919.23, F.S.A.) and about which a standard jury instruction is given by trial judges prior to jury deliberation for verdict in capital cases. On the question of mercy recommendation we stated in Baugus v. State, 141 So.2d 264, speaking through Mr. Justice Thomas, that "* * * the matter of reduction of the sentence by vote of the jury is one to be determined purely by the dictates of the consciences of the individual jurors." (at 266) We do not presume to determine from the bare record whether or not the jury should have recommended mercy in the instant case. That is its inviolable *905 province. We do feel, however, that the trial judge erred in refusing to allow defense counsel to propound any inquiry as to the issue of mercy. Such inquiry, in the context of the instant case, could conceivably be determinative of whether the defense should challenge a juror  either for cause or peremptorily.
We have never held, nor do we hold now, that to be qualified a juror must state that he will, or even that he could, grant mercy to one shown to be guilty of a capital crime. But, neither should it be held improper to question a prospective juror as to whether he would never under any circumstances be able to recommend mercy in such a case. Because of the unrestricted discretion available to a juror in recommending mercy, we think it extremely important to an accused to know whether a juror would dogmatically refuse to consider the possibility of mercy. While Rollins, supra, holds that a juror's position against recommending mercy will not support a challenge for cause, it does not in any way affect the exercise of a peremptory challenge. We are of the opinion that inquiry should be permitted to enable the accused to ascertain the attitude of a prospective juror on the subject of mercy, and certainly a juror completely adverse to a mercy recommendation might well be a fitting subject of a peremptory challenge.
Thus, after having examined the whole of the evidence and record in accordance with the mandate of F.S. § 924.32(2), F.S.A., and for the reasons related hereinabove, we reverse the decision below as to allowable questions regarding mercy on voir dire by the defense and remand the same for proceedings not inconsistent with the holding herein.
It is so ordered.
THORNAL, C.J., and THOMAS, DREW and ERVIN, JJ., concur.
ROBERTS, O'CONNELL and CALDWELL, JJ., dissent.