PER CURIAM.
The appellant, Joseph A. Gonzalez, also known as Joseph Gunne, appeals from his conviction in the Criminal Court of Dade County, Florida, on three counts of perjury alleged to have been committed before the 1966 Dade County Grand Jury.
He has raised five points for reversal on appeal.
The first two points raised by appellant deal with the composition of the Dade County Grand Jury and have been decided adversely to him by the Supreme Court of Florida in State v. Demetree, Fla.1968, 213 So.2d 709.
He argues that reversible error was committed when the trial judge refused to compel the state to disclose to him certain testimony or evidence presented to the Grand Jury. He contends that this is reversible error under the authority of Brady *394 v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Generally, Grand Jury records and proceedings in Florida are secret and they may only be disclosed for certain purposes and under certain procedures. See Fla. Stat. §§ 905.17; 905.24; 905.27, F.S.A. The Brady case, supra, was not concerned with the disclosure of testimony before a Grand Jury.
Apparently, the trial court made an in camera examination of the Grand Jury testimony sought to be elicited by the defendant and refused to grant the same.
The record does not reveal that any evidence was withheld from the defendant which was material either to his guilt or to his punishment and we are not inclined to the view that the evidence referred to in Brady is applicable to testimony presented before a Grand Jury. No abuse of discretion has been shown by the court in this regard. See Jackman v. State, Fla.App. 1962, 140 So.2d 627; State v. Tillett, Fla. App.1959, 111 So.2d 716.
The defendant further contends that there was insufficient evidence to prove the defendant guilty of perjury. He relies on Ward v. State, 83 Fla. 311, 91 So. 189 (1922) ; Yarbrough v. State, 79 Fla. 256, 83 So. 873 (1920); and Keir v. State, 152 Fla. 389, 11 So.2d 886 (1943). Generally, the offense of perjury must be proven by the oaths of two witnesses or by the oath of one witness and other independent and corroborating circumstances which are deemed of equal weight to the testimony of another witness. Page v. State, Fla.App.1961, 130 So.2d 304. A review of the record indicates that there were sufficient, independent and corroborating circumstances and evidence ' to sustain the conviction for perjury as to the falsity of the defendant’s statements before the Grand Jury.
We have examined the last point raised by the appellant for reversal and find it to be without merit. See Tindall v. State, 99 Fla. 1132, 128 So. 494 (1930); 41 Am.Jur. Perjury § 20.
For the aforesaid reasons, the judgment appealed be and the same is hereby
Affirmed.