PER CURIAM.
A jury found Johnny Lee Jones guilty of the first degree murder of Cloyce Bradley Cook and recommended mercy. He was sentenced to life imprisonment and has appealed his judgment of conviction.
*297 The sole issue on appeal is whether the trial court committed reversible error in allowing into evidence a posed photograph showing the position of a rope and towel around the neck of the decedent. Appellant claims the photograph is gruesome, prejudicial and not relevant to any of the issues in his trial.
We have examined the photograph and do not find it to be so gruesome or inflammatory as to be prejudicial and require reversal. See Kitchen v. State, Fla.1956, 89 So.2d 667 and Albritton v. State, Fla.App.1969, 221 So.2d 192.
Assuming arguendo that the photograph of the decedent was inflammatory in character we hold it was relevant to the issue of the identity of the deceased, the defense of suicide raised by appellant during the trial, and the cause of death. In Mardorff v. State, 1940, 143 Fla. 64, 196 So. 625, the Supreme Court, in commenting on prejudicial photographs said:
“Where they are otherwise properly admitted, it is not a valid objection to the admissibility of photographs that they tend to prejudice the jury. Competent and material evidence should not be excluded merely because it may have a tendency to cause an influence beyond the strict limits for which it is admissible.”
and on page 627 the following:
“We close our discussion of the correctness of the court’s action in admitting the pictures with the observation that the defendant could not complain because of their shocking nature when the horrible scene disclosed was one which he, himself, created.”
See also Grant v. State of Florida, Fla.1965, 171 So.2d 361; Albritton, supra; and Belger v. State, Fla.App.1965, 171 So.2d 574.
The judgment of conviction is
Affirmed.