PER CURIAM.
The appellants, Russell Clark Wilson and Charles Louis Bradley, were codefendants in the trial court upon a charge of robbery. The jury found both defendants guilty. The single point presented on this appeal claims prejudicial error because the trial judge denied defendant Wilson’s motion for a separate trial. Therefore, there is no point directed to the judgment and sentence of the defendant Bradley and that judgment and sentence is affirmed.
The defendant Wilson urges that the trial judge should have granted his motion for a severance made during the presentation of the State’s case. Defendant Wilson’s 'motion was predicated upon a statement by the State, out of the presence of the jury, that it would introduce evidence of a confession by codefendant Bradley made to a State’s witness immediately prior to trial. The motion for severance was denied and the evidence of Bradley’s statement to the witness was introduced.
The granting or denying of a motion for severance is largely discretionary with the trial judge and his ruling will not ordinarily be disturbed on appeal unless a clear abuse of discretion is shown. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Manson v. State, Fla.1956, 88 So.2d 272. The test in every case must be whether the severance is necessary in order to afford the movant a fair *324 trial. State v. Talavera, Fla.1971, 243 So.2d 595; Jackman v. State, Fla.App.1962, 140 So.2d 627.
Our review of this record convinces us that the defendant Wilson was not prejudiced by the court’s denial of his motion. The only real issue to be tried was that of identity. The evidence clearly established that Wilson was, in fact, a participant in the robbery.
Affirmed.