GLICKSTEIN, Judge.
The personal representative of the decedent, who hanged himself in the Palm Beach County Jail, brought an action against the sheriff. The assistant state attorney who presented the grand jury with evidence in connection with the decedent’s death was served with a subpoena for deposition and duces tecum which recited: “Bring with you your entire investigative file and notes regarding the investigation and presentation to the Grand Jury of the death of ANTHONY ALLEN JAMES, deceased, who died at the Palm Beach County Jail on 7/15/84.” (Emphasis added.)
The state sought a protective order, asserting:
3. The Plaintiff deposition duces tecum specifically requires movant to provide notes and materials regarding the presentation to the Grand Jury. Florida Statute 905.27 specifically prohibits testimony or other relevant evidence received by the Grand Jury shall not be disclosed by the Assistant State Attorney except when required by a court for a) ascertaining whether it is consistent with the testimony given by the witness before the Court; or b) determining whether the witness is guilty of perjury; or c) furthering justice. It is a criminal offense to do so without a court order.
4. There has been no showing that there is an exception to Florida Statute 905.27 disclosure that movant is aware of.
5. Personal notes of the Assistant State Attorney are work product and not discoverable.
THEREFORE the State of Florida requests a Protective Order from this Honorable Court limiting the deposition and duces tecum to exclude notes, testimony, and materials which are a product of Grand Jury presentation, pursuant to Rule 1.280(c)(4).
(Emphasis in original.) The trial court granted the motion, prompting the personal representative’s present petition for certio-rari, which we deny.
In denying the petition, we discuss the point raised by the state before the trial court and not the additional point which was not considered by the trial court and is raised here for the first time. Accordingly, our sole, present concern is with section 905.27, Florida Statutes (1983). Subsection (1) of the subject statute forbids an assistant state attorney, among others, to disclose the testimony of a witness before a grand jury or other evidence received by the grand jury unless a court requires him to disclose it for one of the three stated purposes. Subsection (2) makes it unlawful to publicize such testimony or its contents unless the testimony is or has been disclosed in a court proceeding, and goes on to say who may receive such information when a court has ordered disclosure. The statute states at subsection (3) that a client who testified before a grand jury may tell his lawyer about such testimony or anything affecting the client that was discussed in his presence before the grand jury. The rest of the section discusses the criminal nature of the violation, and its penalties.
It is true then, according to this statute, that the trial court in a civil case may order disclosure of testimony or other evidence presented before a grand jury when, for example, it is in the furtherance of justice to do so. The statute does not require a trial court to order such disclosure, but only permits it to do so. Whether or not so to order must therefore be discretionary with the trial court.
In Gonzalez v. State, 220 So.2d 393 (Fla. 3d DCA 1969), a convicted perjury defendant contended it was reversible error under
*255 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for the trial court to refuse to compel the state to disclose to him certain testimony or evidence presented to the grand jury. The trial court apparently made an in camera examination of the testimony Gonzalez sought to have discovered, and refused to grant its discovery. The appellate court found no abuse of discretion, finding nothing to suggest the withholding of evidence material to the appellant’s guilt or to his punishment. The court also expressed doubt that Brady was intended to apply to testimony before a grand jury.
In Jackman v. State, 140 So.2d 627 (Fla. 3d DCA 1962), appellant Jackman contended the trial court erred when it denied his oral motion, grounded on section 905.27, to require the state to produce the testimony of a certain state’s witness before the grand jury. The witness had admitted at Jackman’s trial that he had lied under oath at an earlier trial. The Jackman appellate court stated the pertinent law as follows:
Section 905.27, supra, prohibits disclosure by certain persons of testimony given before a grand jury “except when required by a court to disclose the testimony of a witness examined before the grand jury for the purpose of ascertaining whether it is consistent with that of the witness given before the court * *.” Under this statute, and the decisions of our courts, it is settled that when the purposes of the secrecy rule are accomplished and a disclosure becomes essential to the attainment of justice, the secrecy rule may be relaxed, in the discretion of the court, upon the laying of a proper predicate. See Minton v. State, Fla.1959, 113 So.2d 361; Trafficante v. State, Fla.1957, 92 So.2d 811; State ex rel. Brown v. Dewell, 123 Fla. 785, 167 So. 687.
The proper procedure in such a case is for the trial judge, once the proper predicate has been laid, to examine the grand jury testimony sought to be disclosed with a view to making a determination of its materiality. Minton v. State, supra; Trafficante v. State, supra; Vann v. State, Fla.1956, 85 So.2d 133. The importance of laying the proper predicate was stressed in Minton v. State, supra, 113 So.2d p. 365, where the court said:
“But it is crystal clear that something more than a mere surmise or speculation that a witness’s testimony at the trial is inconsistent with that given before the grand jury must be made to appear in order to hold a trial judge in error for refusing to lift the veil of secrecy from the grand jury proceedings. While, in a given case, the reasons for secrecy may no longer obtain, the effect on subsequent grand jury proceedings — on jurors, on witnesses, on the privacy of the system itself — of indiscriminate disclosure has been said to be of ‘greater moment.’ ”
The effect of the cited cases is that it is within the sound judicial discretion of the trial judge to decide whether the proper predicate has been laid to warrant stopping the trial to examine the grand jury testimony to determine its materiality. The record in this case does not disclose an abuse of this discretion by the trial judge in denying appellant Jack-man’s motion which was predicated solely on the witness’ admitted perjury in the trial of another case.
Id. at 629.
We think the law stated in Jackman is equally applicable in the present case. Although Jackman is a criminal case and the issue there was apparently whether a certain witness’ testimony was consistent, and the present case is a civil suit where, hypothetically, discovery might affect the achievement of justice, we believe the party in either type of action must lay a proper predicate for obtaining court permission to examine evidence or testimony that came before a grand jury. When that has been done, the trial court would examine the grand jury evidence or testimony in camera to determine its materiality.
We do not see in the appendix or the petition anything that could be perceived as the laying of a proper predicate for whatev *256 er the plaintiff sought to have disclosed that was put in evidence before the grand jury. It is by no means clear why the plaintiff/petitioner thinks he should be allowed access to the investigation information the assistant state attorney presented before the grand jury.[1]
DELL and WALDEN, JJ., concur.

. Respondent observes that petitioner has not sought to ascertain whether the assistant district attorney has notes or other matter in the file or knows anything that was not presented to the grand jury; petitioner simply canceled the deposition.