WHITE, Acting Chief Judge,
Defendant Willie Tomlin was: charged with second degree murder of Roosevelt Moore by shooting him with a pistol in a negro “juke joint” in Riviera Beach, Florida. The defendant appeals judgment of conviction consequent upon jury verdict finding him guilty of the lesser included offense of manslaughter. There were some testimonial conflicts which were competently resolved by the jury, and we find no basis for holding the verdict contrary to the evidence.
Defendant’s prime contention is that the trial court erred in permitting certain photographs of the body of the deceased to be introduced in evidence. The photographs were offered in conjunction with a doctor’s testimony as to where the shots entered the body, the angle of entry and the number of shots fired. The doctor testified that the deceased was shot four times; that the first shot entered the chest and the remaining shots probably were fired as or after the body fell to the floor. The defendant submits that such matters were not in issue and that the photographs were unnecessary, unduly inflammatory and prejudicial to a fair trial.
The state submits that the photographs were pertinent not merely to the fact of death but also bore directly on the question of the number and timing of the shots in relation to the question of whether or not the defendant acted beyond the limits of reasonable necessity under the circumstances; or, in short, whether or not the defendant’s acts were so circumstanced as to be indicative .of a mind reckless of human life. We agree that the photographs were competent as an aid to the state’s witness in his description of the probable circumstances of the shooting. See Darty v. State, Fla.App.1964, 161 So.2d 864, 871; Wilkins v. State, Fla.1963, 155 So.2d 129; Leach v. State, Fla.1961, 132 So.2d 329; Cullaro v. State, Fla.App.1957, 97 So.2d 40. Moreover, we have examined the protested ex *746 hibits and find that the black and white photographs are not g'ory or exceptionally-shocking to a person of normal sensibilities since they depict little more than a body with puncture marks where the bullets entered. See e. g. Baugus v. State, Fla. 1962, 141 So.2d 264, 268 and cases therein cited; Cullaro v. State, supra.
The judgment of conviction is affirmed.
Affirmed.
ANDREWS, J., and McCORD, GUYTE P., Jr., Associate Judge, concur.