202 So.2d 904 (1967)
Ronald Emerson DILLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 67-69.
District Court of Appeal of Florida, Second District.
October 6, 1967.
Rehearing Denied October 27, 1967.
*905 Robert E. Pyle, of Edmund, McDaniel & Pyle, Lake Alfred, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Chief Judge.
The appellant was convicted of second degree murder for fatally beating his minor child.
On appeal the appellant charges that the trial court erred by admitting into evidence photographs of the dead child, by refusing to grant a directed verdict of acquittal, and by refusing to grant a new trial; and the appellant seeks to have the judgment and sentence reversed.
The state, over appellant's objections, was allowed to introduce into evidence color photographs[1] of the deceased child's body lying on a hospital table. The photographs show the front and side of the child and clearly depict numerous bruises and wounds on the child's body. The appellant has several objections to the admission of the photographs into evidence.
First, appellant objects to the introduction of the photographs into evidence on the grounds that the pictures were highly prejudicial to the defendant. Admittedly, it has been said, "* * * [o]rdinarily, photographs normally classed as gruesome should not be admitted if they were made after the bodies have been removed from the scene unless they have some particular relevance * * *." Reddish v. State, Fla. 1964, 167 So.2d 858, 863. But it has also been said that "[w]here they are otherwise properly admitted, it is not a valid objection to the admissibility of photographs that they tend to prejudice the jury. * * *." Mardorff v. State, 1940, 143 Fla. 64, 196 So. 625, 626. Thus, if the photographs in the instant case were relevant they should not have been excluded simply because they might have prejudiced the jury. Brooks v. State, Fla. 1960, 117 So.2d 482; Kitchen v. State, Fla. 1956, 89 So.2d 667.
The state introduced the photographs into evidence in conjunction with the testimony of a doctor as to the nature and extent of the child's injuries. The appellant claims that the physician subpoenaed by the state was able, by words alone, to adequately describe the child's injuries and that the photographs were unnecessary.
As a general rule it is said that the admissibility of photographs does not depend upon whether the objects depicted could be described by testimony but whether they would be useful in enabling the witness to better describe and the jury to better understand the testimony concerned. Tomlin v. State, Fla.App. 1964, 167 So.2d 745; Cullaro v. State, Fla.App. 1957, 97 So.2d 40.
In Belger v. State, Fla.App. 1965, 171 So.2d 574, it was held that photographs are admissible if they tend to illustrate or explain the testimony of the witnesses or if they may have been of assistance to the jury in understanding that testimony. Also see Grant v. State, Fla. 1965, 171 So.2d 361. Thus, in the instant case, even if the doctor was able to verbally describe the child's injuries and the cause of death, the admission of the photographs was not error.
At trial a pathologist testified that the child's death was caused by a blunt force applied from behind. The photographs show front and side views of the child, and the appellant argues that the photographs do not depict the fatal wounds and were irrelevant. Furthermore, the appellant claims that the location of the wounds causing death were uncontroverted and proven thereby making the photographs irrelevant.
*906 The state, in its information for second degree murder, charged that the appellant "* * * did unlawfully and feloniously make an assault on one Dawn Thivener with a deadly weapon, to-wit: his hands and fists, and in furtherance of said assault the said Ronald Emerson Dillen did strike, beat, bruise and wound the said Dawn Thivener, thus and thereby inflicting on and upon the head, body and limbs of her, the said Dawn Thivener, mortal wounds and hurts. * * *" At the trial there was conflict as to the manner in which the injuries were inflicted. The state asserted that the injuries resulting in death were caused by physical abuse, whereas the defendant claimed he slapped the child on the back in an attempt to get the child to resume breathing. It was not enough for the state to show that death resulted from force applied to the back of the child; but the state, in order to prove its case, also had to show that the death resulted from physical abuse of the child. Clearly, photographs portraying such abuse were relevant to prove the nature and cause of the injuries resulting in death. See Kitchen v. State, supra.
It must be remembered that "[t]he broad discretion accorded the trial judge in ruling on the admissibility of photographs will not be disturbed except when shown to be clearly abusive or patently erroneously * * *." Belger v. State, supra, 171 So.2d at 576.
In the instant case, we do not believe the trial judge committed error by admitting the photographs. But even if it were error to admit the photographs they were not so gruesome or so inflammatory as to create undue prejudice in the minds of the jurors. See Calloway v. State, Fla. 1966, 189 So.2d 617.
The appellant contends that there was insufficient evidence to justify a verdict of guilty and therefore the trial court erred in refusing to grant a directed verdict of acquittal or a new trial. From an examination of the record, we find that there was adequate evidence to justify the jury's finding and that the defendant's contentions in this regard are without merit.
The judgment appealed from is affirmed.
ALLEN, J., concurs.
PIERCE, J., dissents.
NOTES
[1] It is well established that in considering the admissibility of photographs into evidence no distinction should be made between color and black and white pictures. Wilkins v. State, Fla. 1963, 155 So.2d 129.