WIGGINTON, Judge.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding her guilty of second degree murder.
*840 During the trial the State offered in evidence two black and white photographs of the deceased victim taken at the morgue shortly following her death. Although the mouth and eyes of the victim are open, enough of the blouse or shirt she was wearing was removed to clearly reveal what appears to be a knife wound above the victim’s left breast. The proffer was objected to by defendant on the ground that they would serve no useful purpose, were immaterial and. would be highly prejudicial. The sole point on this appeal challenges the correctness of the trial court’s order overruling the objection and admitting the photographs in evidence.
It is appellant’s contention that the questioned photographs have no peculiar relevance, are cumulative evidence, are not material to any. fact in dispute, and are unnecessarily prejudicial. • Appellant therefore contends that upon the settled law of this state the photographs were inadmissible, and their admission into evidence was prejudicial error requiring reversal of the judgment.[1]
The information filed against appellant charged her with having killed the victim by stabbing her with a knife. At the time the photographs in question were offered in evidence the State had succeeded in proving by its witnesses only that defendant had struck the victim who fell to the floor and died in a pool of blood before she could be removed to the hospital. No witness saw a knife in the hand of defendant at the time she struck the victim, nor had any witness discovered any knife wounds on the victim’s body prior to the taking of the photographs. Likewise no testimony had been adduced to establish that the victim’s death resulted from a knife wound inflicted by defendant, such fact being stipulated by the parties only after the photographs had been received in evidence. In overruling appellant’s objection the trial court announced that they would be admitted because they might show some corroboration. There can be no question but that the photographs depicting the knife wound on the victim’s body corroborated the testimony of the police officer who took the photographs and testified concerning the wound, and corroborated the testimony of the doctor whose statement that the victim died from a knife wound in her chest was stipulated to by the parties.
In Kitchen v. State [2] the Supreme Court considered the question of whether a photograph taken of the victim at the funeral parlor after the body was removed from the scene of the crime was properly admitted in evidence at the trial. The photograph in question showed a stab wound on the victim’s body which the evidence showed had caused her death. The court held that the photograph was admissible because it was not inflammatory in character and was relevant in that it clearly depicted the knife wound of which the victim died in such manner as to refute the defendant’s plea of self-defense.
In the later case of Leach v. State [3] the Supreme Court held that the trial court did not commit error when it admitted in evidence three photographs of the victim after the body had been removed from the crime scene to the hospital. The photographs depicted the bruises and wounds on the victim’s body which were of such character as to corroborate the State’s theory that the death was caused by strangulation. In rejecting the contention that the photographs were irrelevant and unduly influenced the passions and sentiments of the jury, the Supreme Court said:
“ * * * The indictment alleged death by strangulation. The photographs corroborated the testimony of the doctor who *841 had concluded that this was the cause of death. No photograph of a dead body is a pleasant sight. However, where there is an element of relevancy to support admissibility then the trial judge in the first instant and this Court on appeal must determine whether the gruesomeness of the portrayal is so inflammatory as to create an undue prejudice in the minds of the jury and detract them from a fair and unimpassioned consideration of the evidence. Though unpleasant, the photographs in the instant case could hardly be condemned as inflammatorily gruesome. We hold that their admissibility is supported by our decision in Kitchen v. State, supra.”
The foregoing decisions are consistent with the most recent decision of the Supreme Court in the case of Williams v. State [4] in which the court said:
“The question of the admissibility of photographic evidence, especially in capital cases, has frequently been before this court. Since Mardorff v. State, 143 Fla. 64, 196 So. 625 (Fla.1940), we have recognized the general principle that photographs are an excellent means of accurately depicting the death scene, and of countering the natural tendency of witnesses to vary in their descriptions of the same view. Over the years we have continually held that when a photograph is relevant, it is admissible, unless what it depicts is so shocking in nature as to overcome the value of its relevancy. See Calloway v. State, 189 So.2d 617 (Fla.1966).
“While the general principles of admissibility are settled, each case requires an independent judgment of the photographs submitted. We find that the picture complained of herein can not be condemned. The view depicted is neither gory nor inflammatory beyond the simple fact that no photograph of a dead body is pleasant. Furthermore, the picture supports much relevant testimony and demonstrates pertinent spatial relationships of the walls and fixtures of the death room to the body of the deceased which was photographed as it was found.
“Appellant’s offer at trial to stipulate whatever facts such picture might depict was properly refused by the State. An offer of stipulation does not cut off the right of opposing counsel to proceed if such continuation is relevant to proof of the remaining issues of the case.”
It is our view that the photographs objected to in the case sub judice are not excessively gruesome or calculated to have the effect of unduly arousing the passion or prejudice of the jury. At the time they were offered in evidence they constituted pictorial proof of a visible stab wound appearing in the left chest of the victim, a fact not theretofore established and one on which the burden rested upon the State, to prove beyond a reasonable doubt. To that extent the photographs were relevant and tended to corroborate the testimony of the police officer who actually took the photographs, and of the doctor who testified that the victim died from a stab wound inflicted by a knife or other sharp instrument.
Appellant having failed to demonstrate error, the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J.

.Albritton v. State (Fla.App. 1969), 221 So.2d 192; Dillen v. State (Fla.App. 1967) 202 So.2d 904; Mardorff v. State, 143 Fla. 64, 196 So. 625.

. Kitchen v. State (Fla.1956), 89 So.2d 667.

. Leach v. State (Fla.1961), 132 So.2d 329, 331, 332.

. Williams v. State (Fla.1969), 228 So.2d 377, 378.