414 So.2d 1174 (1982)
Cora Lee EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-1029, 81-1030.
District Court of Appeal of Florida, Fifth District.
June 9, 1982.
James B. Gibson, Public Defender, and Frederick B. Karl, Jr., Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant appeals her convictions of murder in the first degree and aggravated battery, and her sentences of life imprisonment and fifteen years, respectively. We affirm.
Appellant was charged with murdering Brazell Curry with a shotgun and the aggravated *1175 battery of Patsie Newton with a knife. The only contention on appeal is that the court erred in admitting into evidence, over objection of the defendant, five photographs depicting the murder victim. Appellant contends that she freely admitted responsibility for the homicide, and sought to show only that it was something less than premeditated murder. Consequently, says appellant, there is no purpose in admitting the photographs of the victim other than to shock the jury and create prejudice in their minds.
The trial court has broad discretion in regard to the admissibility of evidence, and his rulings on admissiblity will not be disturbed unless appellant shows an abuse of that discretion. Booker v. State, 397 So.2d 910 (Fla. 1981). Allegedly gruesome and inflammatory photographs are admissible in evidence if relevant to any issue which must be proven and their relevancy is to be determined without regard to their gruesome or offensive nature. Adams v. State, 412 So.2d 850 (Fla. 1982); Jackson v. State, 359 So.2d 1190 (Fla. 1978). Such photographs are admissible if they accurately depict factual circumstances relating to the crime and are relevant in that they help the jury in finding the truth.
Where a photograph is used in connection with testimony regarding the cause of death,[1] or to show the force and violence necessary to perpetrate the crime,[2] such photographs are relevant and admissible. Booker. Where photographs are clearly gruesome, the test of admissibility is whether they are relevant to an issue in the case, not whether they are necessary to prove a fact in dispute.[3]Foster v. State, 369 So.2d 928 (Fla. 1979), cert. denied 444 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979). Although a physician's testimony was sufficient to establish the victim's injuries and cause of death, admission of color photographs of the body was not error where the photographs were relevant to prove the nature and cause of the injuries resulting in death. Dillen v. State, 202 So.2d 904 (Fla. 2d DCA 1967), cert. dismissed, 209 So.2d 675 (Fla. 1968). See also Zamora v. State, 361 So.2d 776 (Fla. 3d DCA 1978), cert. denied, 472 So.2d 372 (Fla. 1979); Tomlin v. State, 167 So.2d 745 (Fla. 2d DCA 1964).
At trial, the medical examiner testified that Ms. Curry died from massive bleeding caused by perforated puncture wounds to the arm, chest, and abdomen. The medical examiner, using photographs of the victim for identification, identified the victim and testified as to the nature of the wounds.[4]
A defendant cannot, by stipulating as to the identity of a victim and the cause of death, relieve the State of its burden of proof beyond a reasonable doubt. Foster. The State still has the burden of proving the identity of the victim and cause of death in its case in chief. Additionally, the State must prove premeditation if it is to sustain its charge of first degree murder. Clearly, the photographs of each of the entry and exit gunshot wounds were relevant on the issue of premeditation to prove the injuries which resulted in death, and to corroborate and explain the medical examiner's testimony. Each photograph depicted something different, so it cannot be said that they were merely cumulative. Appellant has failed to show an abuse of discretion by the trial court in admitting the photographs.
The judgments and sentences are AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] See Henninger v. State, 251 So.2d 862 (Fla. 1971).
[2] See Foster v. State, 369 So.2d 928 (Fla. 1979), cert. denied, 447 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979); Alford v. State, 307 So.2d 433 (Fla. 1975).
[3] Appellant's only objection at trial was that the photographs were not necessary to prove any facts in question, not that they were irrelevant.
[4] The photographs were all of Ms. Curry.