PER CURIAM.
Reginald Rachel appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Rachel has raised four claims in his motion. We affirm in all respects except for Rachel’s second and *193 third claims, on which we reverse for an evidentiary hearing.
In his second claim Rachel raised two issues. First, Rachel contended that his trial counsel was ineffective for failing to adequately object to the court’s permitting the State to bolster testimony by a State witness, who happened to be the co-defendant, by playing his pretrial statement to the jury. Second, Rachel alleged that trial counsel was ineffective for failing to object to the State’s publishing of Rachel’s trial testimony from another trial, which forced him to testify at trial.
The trial court denied relief as to both of these issues, stating that they were raised on direct appeal and therefore were precluded from being raised in a rule 3.850 motion. Although the trial court indicated in its order that a copy of the initial brief that raised these issues was attached as part of the record, that brief was not included in the record on appeal. Thus, we have taken judicial notice of our records in the direct appeal [1] and have discovered that the initial brief raised the issue concerning admission of the co-defendant’s pretrial recorded statement into evidence.. However, the brief did not address whether counsel failed to adequately object nor did it did address at all the issue regarding publication of Rachel’s testimony from another trial. Because the trial court’s order failed to refute these claims, we remand Rachel’s second claim for an evidentiary hearing.
In his third claim Rachel argued that his trial counsel was ineffective for failing to object to improper closing argument by the prosecutor, which included personal attacks on both Rachel and his counsel. Rachel contended that during closing argument the prosecutor called him a “damn liar” and portrayed him as the most aggressive of the group that participated in the robbery and murder. In reference to Rachel’s crying on the witness stand during his testimony, the prosecutor allegedly called those tears “hypocritical,” an insult to the victim and her family, and an attempt to gain sympathy from the jury. The prosecutor also allegedly implied that Rachel was not crying immediately following the murder: “When the kill was fresh, when Mrs. Green’s blood was still warm ... his attitude, his emotion was not tears. It was hostility. It was defiance. It was anger.”
Rachel also contended that the prosecutor implied in closing argument that defense counsel was attempting to manipulate the jury through deception and trial tactics. Specifically, Rachel alleged that the prosecutor ridiculed defense counsel for using “trial techniques” such as putting her hand on Rachel’s shoulders during voir dire, thus showing that she was not afraid of him and that he was not a bad guy, calling him by his first name (“Reggie”), and referring to him as a sixteen-year-old child in an attempt to depict him as a very immature kid. The State referred to these techniques as “attitude manipulation.”
The trial court found that Rachel was precluded from raising this issue in a rule 3.850 motion because he had addressed it in his direct appeal. Although Rachel did indeed raise this issue in his initial brief, the State argued in its answer brief that trial counsel had not objected to the prosecutor’s comments during closing argument and thus had failed to preserve the issue for direct appellate review. In its order on this 3.850 motion, the trial court did not attach any trial transcripts that would refute Rachel’s claim that counsel was ineffective for failing to object to the State’s closing argument.
These prosecutorial comments were sufficiently prejudicial to support a claim for relief. See Ross v. State, 726 So.2d 317 (Fla. 2d DCA 1998) (holding counsel was ineffective for failing to object to improper closing argument where pros *194 ecutor ridiculed defendant, his defense, and defense witnesses); Palazon v. State, 711 So.2d 1176 (Fla. 2d DCA 1998) (holding that prosecutor’s statements about defense counsel during closing argument warranted a new trial). Because the record attachments to the trial court’s order do not conclusively refute Rachel’s claim regarding counsel’s failure to object to improper closing argument, we reverse for an evidentiary hearing. See Goswick v. State, 668 So.2d 1215 (Fla. 1st DCA 1995) (reversing because the trial court did not attach portions of the transcripts to refute claim of ineffective assistance of trial counsel for failing to object to improper closing argument).
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and CASANUEVA and STRINGER, JJ., concur.

. See Bunger v. State, 687 So.2d 868 (Fla. 2d DCA 1997) (noting that this, court takes judicial notice of its records pursuant to section 90.202(6), Florida Statutes (1995)).