800 So.2d 684 (2001)
Michael Lee WAGGONER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3772.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
*685 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Waggoner appeals from his judgment and sentences for aggravated battery[1] and improper exhibition of a weapon.[2] He argues that the trial judge abused his discretion by denying him the opportunity to impeach the victim's (Towers') credibility with nine prior felony convictions, and that the photographs of Towers showing the condition of his nose while undergoing reconstructive surgery were irrelevant and inflammatory, to such a degree they were likely to prejudice the jury. We affirm.
The criminal charges grew out of a fight between Waggoner and Towers at the Handlebar & Grille in Longwood on August 3, 1999. Waggoner approached Towers to insist he not speak to Waggoner's girlfriend, also present in the bar. Waggoner hit Towers and knocked him to the floor. During the ensuing scuffle, Waggoner bit off part of Towers' nose and cut the hand of a bar employee who was seeking to stop the fight, with a knife.
At the trial, Towers testified concerning the fight and Waggoner's aggression against him. During cross-examination, defense counsel asked Towers whether he had ever been convicted of a felony. He responded that he hadfour times. Defense counsel then asked Towers if he had been convicted of a crime involving dishonesty or a false statement. The prosecutor objected, saying to answer this question would make it appear Towers had been convicted of more than four felonies. Defense counsel said he had certified convictions showing Towers had been convicted of nine felonies. Defense counsel proffered them. The prosecutor objected on the basis of a discovery violation.
Defense counsel admitted he had not furnished the state with copies of the convictions. However, he did not think the state was unduly prejudiced since it knew the defense had requested copies of convictions for state witnesses. Waggoner's prior defense counsel testified he offered the prosecutor a copy of the rap sheet for Towers, but the prosecutor disclaimed any interest. The trial judge ruled that Towers should have been given an opportunity to see the additional judgments and that the defense's failure to disclose them was prejudicial.
Section 90.610(1) provides as follows:
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment
. . .
We think it was error not to have allowed the defense to impeach Towers *686 with the additional prior felony convictions. But we also think that the error in this case was harmless. In Perez v. State, 648 So.2d 715 (Fla.1995), a witness for the state admitted he had more than ten felonies on his record. When asked whether he had been convicted of more than twenty felonies, the witness said he could only guess at the number. Defense had certified copies of the witness' eighteen prior felony convictions. The Florida Supreme Court held that the trial judge erred by limiting the impeachment of this witness. However, because the witness admitted to a number of convictions, the court concluded the error was harmless. Here, Towers admitted to four felonies and failed to disclose five additional ones, roughly the same ratio as involved in Perez.
In addition, the evidence in this case was overwhelming and did not depend on Towers' testimony alone. Waggoner's defense was that Towers caused his own injury to his nose by pulling away from him. However, several witnesses testified Waggoner held Towers by the ears and was biting him. The surgeon who tried to repair the injury testified it appears Towers' nose was ripped or torn off by a bite.
We also do not find persuasive Waggoner's argument that the photographs of Towers' injuries and the stages of reconstructive surgery were inadmissible because they were too prejudicial. The admission of photographic evidence is within the sound discretion of the trial court. Jones v. Moore, 794 So.2d 579 (Fla. 2001); Brooks v. State, 787 So.2d 765 (Fla. 2001); Rutherford v. Moore, 774 So.2d 637 (Fla.2000); Gudinas v. State, 693 So.2d 953 (Fla.), cert. denied, 522 U.S. 936, 118 S.Ct. 345, 139 L.Ed.2d 267 (1997). The test for admissibility of such photographs is whether they are relevant and not whether they are necessary. Brooks; Ruiz v. State, 743 So.2d 1 (Fla.1999); Gudinas; Pope v. State, 679 So.2d 710 (Fla. 1996), cert. denied, 519 U.S. 1123, 117 S.Ct. 975, 136 L.Ed.2d 858 (1997); Edwards v. State, 414 So.2d 1174 (Fla. 5th DCA 1982).
Admission of photographs appears to be reversible error only when the photographs have little or no relevance or the photographs are so shocking in nature as to outweigh their relevance. See Ruiz (admission during penalty phase of murder trial of 2 × 3 foot blowup showing in detail the bloody and disfigured head and upper torso of the victim was reversible error; there was no relevant basis for submitting the photograph); Czubak v. State, 570 So.2d 925 (Fla.1990) (photographs of victim's body, which had been ravaged by dogs and was in a severely decomposed condition, should not have been admitted; photographs had little or no relevance and gruesome nature of the photographs was caused by factors apart from the crime itself); Rosa v. State, 412 So.2d 891 (Fla. 3d DCA 1982) (admission of photograph of the victim's blood-splattered body, which depicted the results of emergency procedures performed after stabbing, including protruding surgical tubes and sutures was reversible error; photograph was irrelevant).
In this case, the photographs were relevant to several issues at trial. Waggoner was charged with intentionally or knowingly causing great bodily harm, permanent disability or permanent disfigurement of Towers. The photographs helped explain the surgeon's testimony that Towers has permanent scarring and suffered great bodily harm. They also substantiate the surgeon's opinion that the injury was caused by a bite, within a reasonable medical probability. From the photographs, the jury could see the tissue destruction and the ripping and tearing of the tissue. In addition, based on our viewing of the *687 record, the exhibits do not appear to be gross or shocking.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] § 784.045(1)(a)1., Fla. Stat.
[2] § 790.10, Fla. Stat.