807 So.2d 760 (2002)
Kendrick VASSER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1225.
District Court of Appeal of Florida, Fifth District.
February 15, 2002.
*761 James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Kendrick Vasser appeals his conviction for second-degree murder, and his sentence to life in prison as a prison releasee reoffender.[1] His sole claim of error is that the trial court abused its discretion in admitting numerous autopsy photographs, which Vasser claims were cumulative and unduly prejudicial. We disagree and affirm.
A trial court has broad discretion in determining whether to admit photographs of an autopsy or of the murder victim's body. Kirby v. State, 625 So.2d 51, 53 (Fla. 3d DCA 1993). Photographs, even if gruesome and inflammatory, are admissible if relevant to any material issue. Edwards v. State, 414 So.2d 1174, 1175 (Fla. 5th DCA 1982). Out of the presence of the jury, the trial judge examined each of the photographs and considered the arguments of counsel regarding their admissibility. The court concluded that the probative value of the photographs outweighed any danger of unfair prejudice to the defendant. See § 90.403, Fla. Stat. (2000). We find no abuse of discretion in the trial court's decision to admit the challenged photographs. The medical examiner utilized the photographs in testifying about the nature and extent of the victim's injuries and the cause of death. The photographs aided the jury in determining whether the beating that resulted in the victim's death was the result of ill will, hate, spite, or an evil intent as required for a second-degree murder conviction. See § 784.04(2), Fla. Stat. (2000).
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] § 775.082(9)(a)2., Fla. Stat. (2000).