PER CURIAM.
Ramel Walters challenges the trial court’s summary denial of his ■ rule 3.850 motion wherein he presented several claims of ineffective assistance of trial counsel. We affirm in part, reverse in part, and remand for further review of two points.
Walters was found guilty of second degree murder and sentenced to life. The first claim subject to this court’s remand concerns Walters’s fourth point. Walters alleges that counsel misled him into believing that he had a legal obligation to testify, and then questioned him beyond their agreed upon scope of questioning. Oisorio v. State, 676 So.2d 1363 (Fla.1996). Our review of the record reveals the trial court’s extensive and thorough inquiry with
Walters about his decision to testify. Nonetheless, Walters’s claim is that counsel advised him of the court’s anticipated questioning, but told Walters to answer all questions favorably regardless of the questions asked. This claim warrants further review. See generally Calderon v. State, 840 So.2d 427 (Fla. 2d DCA 2003). As a result of his testimony, the jury learned that Walters was a drug dealer and that he was known to carry a gun. To the extent this information was otherwise presented to the jury, Walters’s testimony also allowed the jury to hear about his prior criminal record.
The second point to be considered on remand concerns the .use of the word “agency” in the jury instruction associated with second degree murder, and trial counsel’s failure to object. The term “agency” was removed from the standard jury instruction in 1997, but appears in the transcription of the instructions given to Walters’s jury. In re Standard Jury In *48 structions in Criminal Cases (97-1), 697 So.2d 84, 89-90 (Fla.1997).
Though the State has provided an affidavit of the court reporter to demonstrate that the trial judge did not speak the words “or agency,” this is evidence outside the record and should be subject to further inquiry. Further, our review of the portions of the transcript provided reflects that during an in camera interview with the court, a juror expressed concern about whether Walters was the actual perpetrator, but thought that he was “involved.”
Affirmed in part, reversed in part, and remanded.
GUNTHER and HAZOURI, JJ., concur.
MAY, J., dissents without opinion. I would affirm in all respects.