981 So.2d 1263 (2008)
Paulino GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5528.
District Court of Appeal of Florida, Second District.
May 21, 2008.
PER CURIAM.
Paulino Garcia appeals the summary denial of his motion for postconviction relief. See Fla. R.Crim. P. 3.850. A jury convicted Mr. Garcia of conspiracy to traffic in methamphetamine. The trial court sentenced him to a fifteen-year prison term. We affirmed the conviction and sentence on direct appeal. See Garcia v. State, 939 So.2d 102 (Fla. 2d DCA 2006) (table decision).
Mr. Garcia's motion raised two claims: (1) trial counsel was ineffective for conceding guilt in opening statement and in closing argument, and (2) trial counsel was ineffective for failing to present any defense at trial. We affirm the postconviction court's order as to claim 1. Here, counsel's statements cannot reasonably be read as an admission of guilt to the conspiracy charge. We are compelled, however, to reverse as to claim 2.
At trial, Mr. Garcia did not testify and presented no witnesses on his behalf. The postconviction court treated claim 2 as one alleging that trial counsel was ineffective for advising Mr. Garcia not to testify. The trial transcript reflects only that Mr. Garcia, after consultation with counsel, waived his right to testify, not that he waived his right to a defense. Therefore, the transcript is insufficient to rebut conclusively Mr. Garcia's claim. Mr. Garcia contends that his testimony was essential to prove that he did not participate in illegal drug transactions. See Calderon v. State, 840 So.2d 427, 428 (Fla. 2d DCA 2003). To the extent the record does not refute these factual assertions, we must accept them as true. See Foster v. State, 810 So.2d 910, 914 (Fla.2002); Trevino v. State, 980 So.2d 517, ___ (Fla. 2d DCA 2007).
The record excerpts attached to the postconviction court's order indeed suggest that trial counsel advised Mr. Garcia not to testify. We see nothing, however, indicating a supporting or strategic basis for that advice. Nor can we assess whether Mr. Garcia suffered prejudice as a result of the alleged misadvice. Thus, we reverse as to claim 2. On remand, the postconviction court shall attach portions of the record that conclusively refute the claim or, if the record does not refute the claim, afford Mr. Garcia an evidentiary hearing.
*1265 Affirmed in part, reversed in part, and remanded.
DAVIS, VILLANTI, and LaROSE, JJ., Concur.