DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAMUEL VALLADARES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-598

[May 3, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin Fein, Judge; L.T. Case No. 18009593CF10A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

We affirm the defendant's convictions, concluding that the defendant's three arguments on appeal lack merit.

First, the defendant argues the trial court violated Florida Rule of Criminal Procedure 3.410 and committed per se reversible error when it failed to inform the defendant's trial counsel and the state about the existence of a jury question, and then did not give an answer to the question without allowing for inquiry from the defendant's trial counsel or the state. However, nothing in the record indicates that the jury submitted the subject question to the trial court. Further, the defendant's appellate counsel did not request to relinquish jurisdiction to the trial court in an attempt to establish the necessary factual predicate that the jury had submitted the subject question to the trial court. Without this factual predicate, the defendant's first argument is based on conjecture only and therefore lacks merit. *See Sullivan v. State*, 303 So. 2d 632, 635 (Fla. 1974) ("Reversible error cannot be predicated on conjecture.").

Second, the defendant argues the trial court abused its discretion by allowing the state to admit a photo of the alleged victim as a small child. According to the defendant, the photo was irrelevant, and any probative value was substantially outweighed by the danger of unfair prejudice, because the photo did not tend to prove or disprove any material fact and served only to garner sympathy for the alleged victim from the jury. We disagree. The photo was relevant to prove the element of the victim's age at the time of the charged offenses, and enabled the victim, who was an eighteen-year-old adult by the time of trial, to better describe, and the jury to better understand, her testimony about her age when the defendant committed the charged offenses. *See Dillen v. State*, 202 So. 2d 904, 905 (Fla. 2d DCA 1967) ("As a general rule[,] it is said that the admissibility of photographs does not depend upon whether the objects depicted could be described by testimony but whether they would be useful in enabling the witness to better describe and the jury to better understand the testimony concerned."). Further, we see nothing in the photo itself which would have garnered the jury's sympathy.

Third, the defendant argues his convictions by a six-person jury violated the Sixth and Fourteenth Amendments to the United States Constitution. This argument lacks merit. We already have rejected this argument in several cases, beginning with *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022) ("[T]he [United States] Supreme Court held in *Williams v. Florida*, 399 U.S. 78, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970), that six-person juries were constitutionally permissible.").

*Affirmed.*

WARNER and ARTAU, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2